OCTOBER AND NOVEMBER TERM, 1884, No. 13.    OCTOBER 6, 1884.

## Greenawalt *v.* Hamilton.

1. After a submission to arbitrators, hearing and award by them, it is too late for one of the parties to withdraw the submission, though the award has not yet been filed.

2. A special plea of a submission to arbitrators, whose decision should be final, and an award by them in favor of defendant, is good upon demurrer, though after the filing of the award, the case had been put on the trial list by consent, and there had been a verdict for the plaintiff, and a new trial granted by the Court.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas of *Westmoreland County.*

*Assumpsit* by A. C. Hamilton against Abraham Greenawalt.

The facts, as they appeared from the record of the court below, were as follows:

The case was on the trial list in February term, 1879. On February 17, 1879, by consent in open court, all matters at variance between the parties were referred to the arbitrament of John Armstrong, whose award was to be final, without exception or appeal. On July 30, 1880, H. B. Kuhns, on motion, and by agreement of counsel, was appointed arbitrator with Armstrong. On August 21, 1880, the arbitrators met, and, after hearing evidence and

[Greenawalt *v.* Hamilton.]

argument, filed their award in favor of the defendant with costs of suit. Previous to the filing of the award, the following notice was served upon the arbitrators:

"And now, to wit: August 21, 1880, the plaintiff by his attorneys, McAfee & Atkinson, withdraw the submission in the above case before the filing of the award.

McAFEE & ATKINSON, *Att'ys Plff.*

To JOHN ARMSTRONG, Esq., and H. B. KUHNS, Esq., *Arbitrators.*"

The arbitrators appended this notice to their report with the following note:

"The above paper was handed to us before filing our award on 21st August, 1880."

On March 22, 1881, the Court granted a rule to show cause why the case should not be placed upon the issue docket.

On August 2, 1881, this rule was made absolute by consent. The case was continued from term to term, until June 10, 1882, when it was tried, and a verdict given in favor of the plantiff for $324 86. This verdict was set aside on July 22, 1882, and a new trial granted. When the case was again reached for trial on May 30, 1883, the defendant moved to amend the pleadings by filing the following special plea:

"And now, to wit: 30th May, 1883, comes the defendant, and for further plea in this behalf saith the plaintiff ought not further to have and maintain this action against him. For that whereas heretofore, to wit: February 17, 1879, it was agreed by the parties in open court and entered of record in the cause as follows:

"February 17, 1879, by consent in open court all matters at variance between the parties in this cause referred to the arbitrament of John Armstrong, Esq., whose award shall be final and conclusive, without exception or appeal, arbitrator to fix his own fees, and to sit on ten days' notice by either party. Exit.

"And now, to wit: 30th July, 1880, on motion and by agreement, H. B. Kuhns, Esq., appointed an arbitrator with John Armstrong, Esq., heretofore appointed to meet on ten days' notice. Exit. Per Curiam.

"And whereas, afterwards the said arbitrators, having given due notice of their meeting in pursuance of the aforesaid submission, and having heard the parties, their proofs and allegations, did award and find for the defendant, all of which the said defendant is ready to verify."

[Greenawalt v. Hamilton.]

To this plea the plaintiff demurred as follows :

"And now, to wit: June 1, 1883, the plaintiff demurs to the plea of defendant filed June 1, A. D. 1883, for the reason that said plea was filed too late."

The Court, HUNTER, P. J., sustained the demurrer, and ordered the case to proceed to trial, filing the following opinion :

"We infer from the note of the arbitrators, made on the plaintiff's paper, withdrawing the submission that it came to their hands after the case had been acted on and their award was ready to file. If so, it was too late : Johnson v. Andress, 5 Phil., 8 ; Wood v. Finn, 1 Clark, 396 ; Shisler v. Keavy, 75 Penn. St., 79. Other authorities might be cited. But the difficulty is that all along since the filing of the award with the withdrawal of the submission attached, the defendant has treated the award as not binding up until this special plea was filed, on the 22d of March, 1881. Seven months after the award was filed, the plaintiff took a rule to show cause why the case should not be placed on the issue docket, and on August 2, 1881, by consent, the rule was made absolute, thus treating the case at issue, for no case can go upon that docket unless at issue. Furthermore, the case came up for trial regularly at May term, 1882, and was tried on its merits and a verdict for the plaintiff for a certain sum. Defendants' counsel thereupon moved for a new trial, which was granted, for reasons set forth in the opinion of the Court. During this time, costs have accumulated. For these reasons we think the plea now unavailable, and that the case should be tried on its merits before a jury. This we do with some hesitation, as the law does not favor, nor, indeed, suffer, the withdrawal of a submission by a party after an award has been made up against him, but the defendant, as we have seen, has treated the award as a nullity, and the parties are still in court by his own consent."

May 28, 1884, verdict for plaintiff for $500, and interest from April 24, 1884.

The defendant thereupon took this writ, assigning for error the action of the Court in sustaining the demurrer of the plaintiff as above.

*Edgar Cowan* and *Alexander Eicher* for plaintiff in error.

The court below was in error—

*First.* Because a party has a right to amend his pleas at any time before the trial, and as the first trial was a

mis-trial, the plea was good before the second and final trial. It is impossible to believe that the Court sustained the demurrer for the special cause assigned, and they, of course, as was right, looked into the whole record, in order to render such judgment as would be consistent with the rights of the parties.

*Second.* In reviewing the record, the Court admits that the revocation was too late, and that the award was valid. And his Honor seems to think that the true difficulty resulted from both parties treating the award as a nullity. If so, then both parties were at fault. The plaintiff was at fault in seeking to get rid of the award by indirection instead of filing his exceptions, and moving to strike it from the record with the judgment upon it. He took a rule to show cause why it should not be placed on the issue docket, and it appears that rule was made absolute by consent without argument. It could have no other effect than to carry out the purpose of the rule, that was to "put the cause on the issue docket." In all other respects, it left the rights of the parties unaffected. It is certainly clear that the Court did not mean to decide on this rule that the award was a nullity. If they did, they should have corrected their mistake when they were considering the demurrer to the plea. And, as they were then exploring the whole record, it was perfectly competent for them to decide as justice and right demanded. They might have allowed the plaintiff to atone for his laches by going back and showing, if such were the fact, that the award was fraudulent and void. Of this we could not have complained on account of oversight in not discovering the award sooner, and it would have been perfectly fair and just to put both parties exactly where they were when the blundering began. And, if at that point the award was void and a nullity, they might well sustain the demurrer, but if the award were good and valid, then it was a good plea, and judgment should have been entered for the defendant.

*McAfee, Atkinson & Peoples* for defendant in error.

The effect of the rule re-instating the case upon the issue docket was to treat the submission and award as an absolute nullity, and the defendant, having consented to the rule being made absolute, must be considered as agreeing to renounce and waive any and all rights which he might have had under such award. If he intended to stand upon the award, the proper time was to have re-

[Greenawalt v. Hamilton.]

sisted the re-instatement of the case upon the issue docket while said rule was pending.

Again, the defendant cannot claim ignorance of this matter, because he participated in all these proceedings, and every move is and was a matter of record, and he pursued them step by step. They were acts of notoriety, and upon which costs accumulated, and which puts the equity of the case against him.

October 20, 1884, the opinion of the Court was delivered by STERRETT, J.:

The single question presented by this record is whether the learned judge erred in sustaining the demurrer to defendant's special plea, wherein it is averred that "by consent in open court, all matters at variance between the parties in this case," were referred to the arbitrament of John Armstrong and H. B. Kuhns, esquires, "whose award shall be final and conclusive, without exception or appeal; and that afterwards the said arbitrators, having given due notice of their meeting in pursuance of the aforesaid submission, and having heard the parties, their proofs, and allegations, did award and find for the defendant," &c.

The matters of fact thus pleaded are not only admitted by the special demurrer, which assigns as the sole cause thereof "that the plea was too late," but they are fully substantiated by the record itself. It also appears that the award was filed and judgment entered thereon August 21, 1880. Before the award was filed, but after it was made and ready for delivery, the plaintiff below attempted to revoke the submission by serving notice to that effect on the referees; but in this he was clearly too late. The submission had been executed, and hence it was beyond the power of either party to revoke it: Shisler v. Keavy, 25 P. F. Smith, 79. The judgment on the award, as appears by the record, was regular and valid, and so remains, notwithstanding the irregular proceeding which followed its entry. If the plaintiff below was aggrieved by the award, he should have applied to the court to set it aside, but, instead of doing so, he appears to have acted on the mistaken belief that his revocation was in time, and therefore the award was inoperative. The learned judge, in his opinion overruling the demurrer, concedes that the attempted revocation was ineffectual, but he holds that defendant below, by acquiescing in the subsequent proceedings, treated the award itself as a nullity, and on that ground chiefly he sustained the demurrer.

[Mechling to use *v.* Hartzell.]

In this we think there was error. The award, and judgment entered thereon, could not be thus set aside or expunged from the record. If any valid reason existed, *dehors* the record, for setting either or both of them aside, the plaintiff below should have proceeded in the regular and orderly way: and, in view of the long acquiescence of the defendant, it is, perhaps, not too late for him to do so yet. In passing on the demurrer, it was unnecessary for the court to go outside of the facts averred in the special plea. As we have already seen, they were admitted by the demurrer and fully substantiated also by the record; and, upon them, the judgment on the demurrer should have been for defendant below.

If we were to affirm this judgment, the record would present the anomaly of two separate and distinct judgments in the same case: one for defendant, on the award of the referees, and the other for plaintiff, on the verdict of the jury.

Judgment reversed, and all proceedings subsequent to the entry of judgment on the award set aside, and record remitted.